UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:94-CR-289-T-17MAP

JERRY LEE HODO
_____/

**O R D E R**

This cause comes on for consideration of Defendant's motion styled the "Motion by Defendant to Equalize the Crack Cocaine as Used to Sentence the Petitioner/Defendant under the 100:1 Ratio, Pursuant to U.S.S.D. § 2D1.1 to that of 18 to 1 Ratio in Regard to Bill S. 1789, Fairness in Cocaine Sentencing Act of 2010, Pursuant to 18 U.S.C. § 3582(c)(2)" (D-151).

The United States Sentencing Commission has promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses effective November 1, 2011. The Commission decided this Amendment should be applied retroactively. Defendant seeks a reduction in sentence based on Amendment 750. A review of the November 9, 2011 supplemental report of the United States Probation Office reflects that the motion should be DENIED.

Title 18, section 3582(c)(2) provides that the district

court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines specifically provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not consistent with the policy statement and not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant was found guilty of conspiracy to manufacture, distribute and possess crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), possession with the intent to distribute crack cocaine in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2 (Count Two), manufacturing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Three), possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Four), and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Five). Based on the amount of controlled substances involved in the offenses charged, Defendant's base offense level was 34. (PSI ¶ 24.) Because Defendant was a career offender, his total offense level was enhanced to 37 under Section 4B1.1 of the Sentencing Guidelines. (PSI ¶ 32, 34, and 74.) Additionally, while Defendant's criminal history points established a criminal history category of III, as he was deemed a career offender, his criminal history was enhanced to a level VI. (PSI ¶ 41, 42.) Given his Enhanced Total Offense Level and his enhanced criminal history category of VI, Defendant's guideline range became 360 months to life imprisonment. (PSI ¶ 74.)

At sentencing, the Court found that Defendant's criminal history was overrepresented and departed downward to criminal history category III. Defendant's applicable guideline range then became 262 to 327 months. The Court sentenced Defendant

to a term of imprisonment of 262 months as to Counts One, Three, Four and Five, and 240 months as to Count Two, all to run concurrently.

The Court previously found Defendant was not eligible for a reduction under Amendment 706 due to his career offender status. (D-150.) Similarly, Amendment 750 does nothing to change the Defendant's enhanced guidelines range under U.S.S.G. § 4B1.1. As such, there is no basis for the Court to reduce Defendant's sentence in accordance with 18 U.S.C. § 3582(c). Furthermore, Defendant is not entitled to relief under the Fair Sentencing Act of 2010 which amended the mandatory minimum sentencing for crack penalties by reducing the crack to power cocaine ratio from 100:1 to approximately 18:1. Significantly, the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). Defendant committed the offenses 16 years before the effective date of the FSA. The Court sentenced him in accordance with the penalties in place at the time he committed the offenses.

IT IS therefore ORDERED that:

1) Defendant's "Motion by Defendant to Equalize the Crack Cocaine as Used to Sentence the Petitioner/Defendant

under the 100:1 Ratio, Pursuant to U.S.S.D. § 2D1.1 to that of 18 to 1 Ratio in Regard to Bill S. 1789, Fairness in Cocaine Sentencing Act of 2010, Pursuant to 18 U.S.C. § 3582(c)(2)" (D-151) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 4th day of January, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT